**LANE & NACH, P.C.**
2001 East Campbell, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach – 013622
Email: adam.nach@lane-nach.com
Lisa Perry Banen – 010412
Email: lisa.banen@lane-nach.com

Attorneys for Compass Bank

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>TREVER LEONARD SIU and SHEILA RAO,<br><br>Debtors. | (Chapter 11 Case)<br><br>**No. 2:15-bk-10857-BKM**<br><br>**COMPASS BANK'S OBJECTION TO MOTION TO PAY STUDENT LOANS** |

Compass Bank, a general unsecured creditor as more fully set forth in its Proof of Claim filed September 29, 2015 [POC #4] holding a guaranty claim in the amount of $368,727.10, respectively objects to the use of post-petition earnings to pay approximately $1810 in monthly student loan obligations. Compass Bank agrees that Court approval is necessary to pay these expenses, but objects to the use of Estate property to prefer the student loans over other general unsecured creditors.

Compass Bank notes that the post-petition income is property of the bankruptcy estate pursuant to 11 U.S.C. §1115(a)(2). While wages or earnings due on the Petition Date are exempt under state law, the earnings during the course of the Chapter 11 are property of the Bankruptcy Estate and can only be used for living expenses without court approval. In re Seely, 492 B.R. 284, 289 (Bankr. C.D. Cal. 2013).

Compass Bank notes, however, that in order to "discriminate" between non-dischargeable student loan debts and Compass Bank's guaranty deficiency claim at confirmation the Debtors must ultimately establish that any proposed discrimination is not "unfair."

> "Whether a plan may discriminate in favor of a claim for educational loans based solely on the nondischargeable nature of the claim is a subject of debate among bankruptcy courts. Most of the cases arise under Chapter 13 because student loan debt is primarily limited to reorganization of an individual. **However, in both Chapter 11 and Chapter 13 cases, the majority view finds that a plan favoring student loan claims over**

> **other unsecured creditors on the basis of nondischargeability unfairly discriminates against the unsecured creditors.** *In re Eitemiller,*; *see, e.g. In re Gonzalez,* 206 B.R. 239 (Bankr.S.D.Fla.1997); *In re Rooney,* 436 B.R. 454 (Bankr.N.D.Ohio 2010); *In re Klobe,* 199 B .R. 569 (Bankr.D.Md.1996). In so finding, courts often place emphasis on Congress' failure to specifically provide for priority treatment of educational loan claims and the favor already granted to educational loans because they are nondischargeable. *In re Mason,* 452 B.R. at 250 (citing Stephen L. Sepinuck, *Rethinking Unfair Discrimination in Chapter 13,* 74 Am. Bankr.L.J., 341, 384–87 (2000))."

*In re Sutton*, No. 10-10539-8-RDD, 2012 WL 433480, (Bankr. E.D.N.C. Feb. 9, 2012). (emphasis added).

The confirmation issues are not presently before the Court; however, Debtors present no evidence to support the use of Estate property to pay the student loans at the expense of other creditors. The Debtors' motion must therefore be denied.

WHEREFORE, unless or until the Debtors can establish the benefit of paying the student loan obligations, Compass Bank respectfully requests that the Motion be denied, and for such other and further relief as the court deems appropriate.

RESPECTFULLY SUBMITTED this 9th day of December, 2015.

                        LANE & NACH, P.C.

                        By    /s/ Lisa Perry Banen – 010412
                              Adam B. Nach
                              Lisa Perry Banen
                              Attorneys for Compass Bank

COPY of the foregoing delivered via email on the 9th day of December, 2015 to:

Allan D. Newdelman
Allan D. Newdelman, PC
80 E. Columbus Ave.
Phoenix, AZ 85012
Email: anewdelman@adnlaw.net
*Attorney for Debtors*

Elizabeth C. Amorosi
Office of the U.S. Trustee
230 N. 1st Avenue, Suite 204
Phoenix, AZ 85003
Email: Elizabeth.C.Amorosi@usdoj.gov

By  /s/  Kesha M. Jennings